UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:25-CV-00055-SK                                        Date: March 21, 2025

Title   Elvia Iniquez v. Ford Motor Company et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

|  Connie Chung  |  n/a  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Elvia Iniquez, who bought a vehicle manufactured by Defendant Ford Motor Company, originally filed suit in Los Angeles Superior Court alleging that Defendant violated several warranty and repair requirements under the Song-Beverly Consumer Warranty Act. (ECF 1-1 at 2-11). *See* Cal. Civ. Code §§ 1790, 1792, 1793.2. Defendant removed that action based on diversity jurisdiction under 28 U.S.C. § 1332. (ECF 1). Plaintiff moves to remand the action to state court on the ground that removal was untimely because it occurred more than 30 days after service of the complaint and Defendant's receipt of pre-complaint documents that themselves established removability. (ECF 12, 16). *See* 28 U.S.C. § 1446(b)(1), (b)(3). Defendant opposes remand, arguing that it had more time to remove the action because the amount in controversy was unclear from Plaintiff's complaint and because pre-complaint documents cannot trigger the separate 30-day deadline provided in § 1446(b)(3). (ECF 14). For the reasons discussed below, the court denies Plaintiff's motion to remand this action to state court.

I.
FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed her complaint in Los Angeles Superior Court on September 17, 2024 and served it on Defendant nine days later. (ECF 1 at 2; ECF 1-1 at 2-11; ECF 12-2 at 2). As relevant here, she alleged that she bought a 2023 Ford F-150 "manufactured and/or distributed by Defendant" for "valuable consideration" in March 2024. (ECF 1-1 at 4) (hereinafter, the Subject Vehicle). Although Plaintiff did not specify the purchase

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-CV-00055-SK | Date: March 21, 2025 |
| Title   Elvia Iniquez v. Ford Motor Company et al. | |

price of the vehicle, she listed the Subject Vehicle's unique Vehicle Identification Number (VIN). (*Id.*). She also generally alleged that the Subject Vehicle displayed certain defects either on the date of purchase or shortly thereafter, and that Defendant's representatives could not (or refused to) repair these defects when she presented it for repair. (*Id.* at 5-10). Based on these allegations, the complaint states that she seeks actual damages, restitution, the maximum civil penalty provided in the Song-Beverly Act (two times actual damages), consequential and incidental damages, and reasonable attorneys' fees. (*Id.* at 10-11). *See* Cal. Civ. Code § 1794. While she did not allege an exact amount of damages sought, she stated that "[t]he total amount paid and payable, incidental and consequential damages and civil penalties exceeds $35,000." (*Id.* at 4).

As it turned out, in June 2024 before filing her complaint, Plaintiff provided Defendant with the Retail Installment Sale Contract (RISC) for the Subject Vehicle, which Defendant requested after Plaintiff sought its pre-litigation repurchase. (ECF 12-1 at 10, 14; ECF 12-2 at 2; ECF 12-5 at 2-3). The RISC shows, among other things, that the cash price for the Subject Vehicle was $57,490 and that the total cost of the Subject Vehicle (inclusive of all add-ons and other fees) was $89,838.08. (ECF 14-2 at 2-3). As a part of the same request, Plaintiff also provided documentation of repair orders for the Subject Vehicle. (ECF 12-5 at 2-3). Plaintiff did not, however, incorporate or otherwise attach either the RISC or the repair orders into the complaint she later filed. (*See* ECF 1-1 at 2-11).

Defendant answered the complaint in state court on November 4, 2024. (ECF 1 at 8; ECF 1-2 at 2-8). Two months later, on January 3, 2025, Defendant removed the action to federal court. (ECF 1). In its notice of removal, Defendant relied on (1) the complaint, (2) the RISC, and (3) its own investigatory efforts to establish diversity jurisdiction under 28 U.S.C. § 1332. (*See id.*). Based on this information, Defendant asserted that Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Michigan. (*Id.* at 4-5). Defendant also used these papers, its own estimation of a mileage offset (based on repair orders), and its own estimation of Plaintiff's then-accrued attorneys' fees to estimate the amount in controversy at around $274,099.50. (*See id.* at 5-8).[1]

---

[1] Defendant added $88,866.50 in actual damages ($89,838.08 total vehicle price minus mileage offset of $971.58), $177,733 in maximum civil penalties (2 times $88,866.50), and $7,500 in estimated accrued attorneys' fees. (ECF 1 at 6-8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-CV-00055-SK | Date: March 21, 2025 |
| Title  Elvia Iniquez v. Ford Motor Company et al. | |

For her part, Plaintiff does not dispute that there is complete diversity of citizenship or that the amount in controversy plausibly exceeds $75,000. Still, she now moves to remand the action to state court arguing that Defendant's removal was untimely because it wasn't noticed within 30 days of service under either 28 U.S.C. §§ 1446(b)(1) or (b)(3). (*Id.*). Defendant timely opposed the remand motion (ECF 14), and Plaintiff timely replied (ECF 16), after which the motion was submitted for decision without hearing.

## II.
## DISCUSSION

A defendant may remove a civil case from state court so long as jurisdiction would lie in the federal court in the district where the action is pending. *See* 28 U.S.C. § 1441(a). A defendant may remove a case based on diversity jurisdiction if (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. *See id.* § 1332(a). Although a defendant seeking to remove a case to federal court need only file a notice of removal with a "short and plain statement of the grounds for removal," *id.* § 1446(a), courts must "strictly construe the removal statute against removal jurisdiction." *More-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "Doubts as to removability should be resolved in favor of remanding the case to the state court." *Roe MB 69 v. Doe 1*, 2025 WL 415344, at *1 (C.D. Cal. Feb. 6, 2025) (citing *More-Thomas*, 553 F.3d at 1244).

Generally, there are three intervals during which a defendant may remove an action originally filed in state court to federal court based on diversity jurisdiction. The first two time frames originate from 28 U.S.C. § 1446(b), which specifies that a defendant seeking to file a notice of removal *must* do so: (1) within 30 days after receiving ("through service or otherwise") an initial pleading that "set[s] forth" a basis for removal; or (2) "if the case stated by the initial pleading is not removable," within 30 days of receiving "an amended pleading, motion, order[,] or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (b)(3); *see Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090-91 (9th Cir. 2021) (reviewing § 1446(b)). After these two deadlines, however, a defendant seeking to remove a state action based on diversity jurisdiction *may* do so "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Medical Ctr., L.P.*, 720 F.3d 1121, 1123, 1125 (9th Cir. 2013); *see also Dietrich*, 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-CV-00055-SK | Date: March 21, 2025 |
| Title   Elvia Iniquez v. Ford Motor Company et al. | |

F.4th at 1094 (discussing *Roth*, 720 F.3d at 1123, and distinguishing between times defendant "*may* remove" and times defendant "*must* do so").[2] But in that last scenario, the defendant has no more than one year from "the commencement of the action" to file a timely removal notice. 28 U.S.C. § 1446(c)(1). In other words, this third timing scenario presupposes that the defendant has not "run afoul" of either 30-day deadline but has still discovered the basis for removal within one year from the start of the case. *Roth*, 720 F.3d at 1125. Here, neither 30-day deadline provided in § 1446(b) was triggered, so Defendant did not need to file its removal notice within 30 days of its receipt of Plaintiff's complaint or some other paper from which removability could be discerned. Otherwise, since Defendant filed its notice of removal within one year of the complaint's filing, the removal was timely under § 1446(c)(1).

      The first 30-day deadline (requiring removal within 30 days of receipt of the complaint) wasn't triggered because it "comes into play only if removability is ascertainable 'from examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). Within the "four corners" of the complaint, Plaintiff requests various forms of damages, including actual damages, restitution, civil penalties equal to double actual damages, and attorneys' fees. (ECF 1-1 at 10-11). But the complaint specifies no dollar amounts (estimated or otherwise) for each category. Instead, it alleges only that (excluding attorneys' fees) the "total amount paid and payable, incidental and consequential damages and civil penalties exceeds $35,000." (ECF 1-1 at 4). With no subjective knowledge or further inquiry, then, Defendant could not have ascertained the amount in controversy within the "four corners" of the complaint based on that amorphous prayer for damages, penalties, and fees in some indefinable amount greater than $35,000. *See, e.g.*, *Cortez v. Nissan N. Am., Inc.*, 2024 WL 5054378, at *3 (C.D. Cal. Dec. 10, 2024) (nearly identical allegations held insufficient to make amount in controversy exceeding $75,000 ascertainable from face of complaint); *Martinez v. Ford Motor Co.*, 2023 WL 3775174,

---

[2] Plaintiff's contention that *Roth* is inapplicable just because it happened to discuss removal under the Class Action Fairness Act (CAFA) lacks merit. (ECF 16 at 6-7). CAFA aside, *Roth* also assessed removability under 28 U.S.C. §§ 1441 and 1446, which apply to *all civil actions*. 720 F.3d at 1124 (stating that "whether the two [30]-day periods described in § 1446(b)(1) and (b)(3) are the only periods during which the defendant may remove . . . arises in diversity removal cases generally"). And the Ninth Circuit has since discussed *Roth* with approval in at least one non-CAFA case. *See Dietrich*, 14 F.4th at 1094.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-CV-00055-SK | Date: March 21, 2025 |
| Title   Elvia Iniquez v. Ford Motor Company et al. | |

at *2 (C.D. Cal. June 2, 2023) (rejecting idea "that a lemon law case [] brought under the state court's unlimited jurisdiction—*i.e.*, that the damages sought exceed $25,000—is sufficient show that the $75,000 threshold for diversity jurisdiction is met").[3]

Plaintiff's inclusion of the make, model, year, purchase date, and VIN of the Subject Vehicle in the complaint doesn't change this calculus. According to Plaintiff, Defendant should have known that the value of the Subject Vehicle was at least $25,000 based on these details, which would have then quickly revealed an amount in controversy of at least $75,000 because of the two-times civil penalty, even with no other damages or attorneys' fees added in. (*See* ECF 12-1 at 11-12; ECF 16 at 4-5). To be sure, the removal statute "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability," but that typically means that the defendant is expected to "[m]ultipl[y] figures clearly stated in a complaint." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). Otherwise, "defendants need not make extrapolations or engage in guesswork." *Id.* Nor are they expected to use their "subjective knowledge" to ascertain removability from a complaint, *Carvalho*, 629 F.3d at 886, as Plaintiff implies Defendant could or should have done based on its knowledge of the motor vehicle industry generally or as the maker and distributor of the Subject Vehicle specifically. (*See* ECF 12-1 at 11, 13; ECF 16 at 4-5, 8). With no dollar values (or some workable approximations) in the complaint to multiply—or even any allegations about the state of the Subject Vehicle when purchased (e.g., new or used) or its use (if any) before being taken in for repair—Defendant would have had to rely on its subjective knowledge of the motor vehicle market, consult outside materials, or engage in guesswork, no matter how educated, to determine the amount in controversy from the complaint as written—especially given that the complaint itself signaled that total damages (minus attorneys' fees) exceeded only $35,000. (*See* ECF 1-1 at 4).

Defendant was not required to make such extrapolations or perform its own inquiries within 30 days of the complaint's filing or else lose the chance to remove at all. *See, e.g.*, *Fawcett v. Ford Motor Co.*, 2023 WL 6161030, at *2 (C.D. Cal. Sept. 21, 2023) (nearly identical allegations in initial pleading held insufficient to ascertain amount in

---

[3] Even assuming the court may consider Defendant's own estimation of attorneys' fees in calculating the amount in controversy ascertainable from the complaint, *see Cortez*, 2024 WL 5054378 at *3, the result is still well below the $75,001 threshold. Defendant's estimate of $7,500 in then-accrued fees (with no amount specified for future fees) plus the $35,001 minimum alleged in the complaint would be $42,501. (*See* ECF 1 at 7-8; ECF 1-1 at 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-CV-00055-SK | Date: March 21, 2025 |
| Title | Elvia Iniquez v. Ford Motor Company et al. | |

controversy); *Chen v. Mercedes-Benz USA, LLC*, 2024 WL 5369366, at *2 (C.D. Cal. Dec. 11, 2024) (same); *Holdings v. Ford Motor Co.*, 2022 WL 2235815, at *1 (C.D. Cal. Feb. 22, 2022) (same).  "[W]hile Defendant could have made a plausible guess that the amount in controversy in this case exceeded $75,000, Defendant was under no obligation to do so." *Moran v. Ford Motor Co.*, 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023).  Nor was Defendant obligated to remove within 30 days of the complaint's filing just because it had obtained from Plaintiff—before the complaint's filing—the RISC and repair orders.  Plaintiff suggests that those documents, when combined with the allegations in the complaint and Defendant's estimation of accrued attorneys' fees, put Defendant on notice that the amount in controversy had been met.  (*See* ECF 12-1 at 12-14; ECF 16 at 9-10).  Perhaps Defendant *could have* arrived at that conclusion when the complaint was filed, but that is a different issue from whether it had to.  And strictly construed (as it must be), the removal statute's text could not clearer that "the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin." *Harris*, 425 F.3d at 694-95.  Otherwise, Defendant was under no statutory duty—under a 30-day stopwatch—to engage in even educated guesswork or pursue investigation based on such materials provided outside the complaint.  *See Carvalho*, 629 F.3d at 886.

      For essentially the same reason, the second 30-day deadline provided in § 1446(b)(3) was not triggered, either.  That window of time applies only when a defendant receives from Plaintiff an "'amended pleading, motion, order[,] or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)).  Plaintiff argues that Defendant was on notice of the amount in controversy by September 2024 because she had provided Defendant with the RISC in June 2024, months before filing the complaint, in her attempt to have Defendant repurchase the Subject Vehicle.  (ECF 12-1 at 9-11).  To be sure, as Defendant asserted in its removal notice, the RISC lists Plaintiff's residence in California and shows that the total price of the Subject Vehicle was $89,838.08 and that the cash price of the Subject Vehicle was $57,490.  (ECF 1 at 3, 5-6; ECF 14-2 at 2-3).  Even considering the lower cash price of the Subject Vehicle as a proxy for actual damages, the amount in controversy would be over $75,000 if one considers Plaintiff's request for civil penalties of two-times actual damages.[4]  *See, e.g.*,

---

[4] Calculated out, $57,490 plus (2 times $57,490) would be $172,470, even without considering potential attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-CV-00055-SK | Date: March 21, 2025 |
| Title   Elvia Iniquez v. Ford Motor Company et al. | |

*Martinez*, 2023 WL 3775174, at *3 (using actual cash price provided in RISC to represent actual damages and applying civil penalty multiplier to calculate amount in controversy). But while an RISC can sometimes be an "other paper" from which a defendant can ascertain the amount in controversy, *see id.* at *2, the problem here is that Plaintiff provided Defendant the RISC *well before* filing her complaint.

The Ninth Circuit has made clear that "document[s] received *prior to* receipt of the initial pleading" are not "other paper[s]" that trigger the 30-day deadline provided in § 1446(b)(3). *Kuxhausen*, 707 F.3d at 1141-42 (emphasis added) (quoting *Carvalho*, 629 F.3d at 885-86). As the Ninth Circuit explained, § 1446(b)(3) on its face reveals that "other paper[s]" cannot include documents received *before* litigation because all other documents that trigger the deadline—"amended pleading[s], motion[s], or order[s]"—can be provided only *after* the case has begun. *Carvalho*, 629 F.3d at 885-86 (citing *United States v. Williams,* 553 U.S. 285, 294 (2008)); *see also* 28 U.S.C. § 1446(c)(3)(A) (in diversity cases, "other paper" includes "information relating to the amount in controversy in the record of the State proceeding" or documents provided "in responses to discovery"). Because Plaintiff did not provide Defendant with the RISC *after* filing suit (in discovery or otherwise), the document could not have triggered the deadline in § 1446(b)(3)—as that statute has been strictly construed in the Ninth Circuit. *Compare Kuxhausen*, 707 F.3d at 1141-42 (holding that demand letter plaintiff sent defendant before filing suit in lemon law case could not trigger second 30-day deadline), *with Danelian v. FCA US LLC*, 2020 WL 4697907, at *1-2 (C.D. Cal. Aug. 13, 2020) (section 1446(b)(3)'s 30-day clock began to run when defendant received RISC from plaintiff during informal discovery after state action had commenced).

In sum, because the amount in controversy was indeterminate on the face of the complaint, and Plaintiff never provided Defendant with a paper that effectively established removability *after* filing suit, neither 30-day deadline in §§ 1446(b)(1) or (b)(3) was triggered here. And since Defendant was thus not required to remove under either 30-day deadline, it only had to file a timely removal notice within the outer one-year deadline provided in § 1446(c)(1), which it did. *See Roth*, 720 F.3d at 1123,1125; *see also, e.g.*, *Gonzalez v. Nissan N. Am., Inc.*, 2024 WL 2782102, at *3 (C.D. Cal. May 29, 2024) ("This is simply the kind of case where defendant removed the case based on its knowledge 'beyond the pleadings,' a removal that defendant was not 'obligated' to file pursuant to one of the two 28 U.S.C. § 1446 deadlines, but a removal that defendant nonetheless 'could' file." (quoting *Kuxhausen*, 707 F.3d at 1141 n.3)). Otherwise,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-CV-00055-SK | Date: March 21, 2025 |
|---|---|---|
| Title | Elvia Iniquez v. Ford Motor Company et al. | |

nothing in the removal statutes dictated the timing or speed by which Defendant had to use extra-complaint documents (like the RISC and repair orders) to assess removability. (*See* ECF 1; *see also* ECF 12-2 at 2; ECF 12-5 at 3).  That "bright-line approach" to §§ 1446(b)(1) and (b)(3) prevents "gamesmanship in pleading" and avoids "collateral ligation" over a defendant's knowledge of the amount in controversy outside the relevant papers.[5]  *Dietrich*, 14 F.4th at 1090-91 (quoting *Harris*, 425 F.3d at 697).

### III.
### CONCLUSION

For these reasons, Plaintiff's motion to remand the action to state court (ECF 12) is DENIED.  A scheduling order under Rule 16 will issue separately.

---

[5] As with any bright-line rule, the results may not always seem logical or practical at first blush or in all situations.  For instance, it may seem arbitrary that if Plaintiff had only re-produced the RISC *again* simultaneously with the filing of her complaint, Defendant would have had to perform the same investigation it did—but within 30 days of the complaint's filing.  True enough, but then again nothing prohibited Plaintiff from doing just that, nor was there any reason—other than a valid strategic desire perhaps to facially block, or at least forestall, immediate removal to federal court—why Plaintiff couldn't present numbers or figures on the face of the complaint.  Plaintiff was, and still remains, the master of her complaint, *see Hansen v. Grp. Health Coop*., 902 F.3d 1051, 1056 (9th Cir. 2018)—and so she could have triggered the deadlines in the very way she seeks to enforce now with no chance for Defendant to protest.  Besides, there is no indication of gamesmanship here, as Defendant's counsel attests that it removed the case within 30 days of completing its amount-in-controversy investigation.  (*See* ECF 1 at 4).  While the court is unaware of any such timing requirement, *see Gonzalez*, 2024 WL 2782102, at *3, Defendant's filing of its removal notice within that timeframe nevertheless helps avoid even the appearance of tactical gamesmanship.  On the other hand, a different outcome here would invite collateral litigation around what a car dealer or manufacturer *should* know at any given time when sued in a lemon-law case.  The bright-line approach endorsed by the Ninth Circuit, and faithfully applied here, escapes that undesirable scenario entirely and better accords with the overarching preference against removal that requires strict statutory construction of the removal statutes.